**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS IVANOVICH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-01011-SPM |
| | ) | |
| CITY OF UNION, MISSOURI et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs in this case are several individual property owners who live near a dog breeding and boarding business ("Linny's Kennel") owned by Defendant Linda Linnemeyer. Beginning in 2021, Linnemeyer petitioned the Board of Aldermen for the City of Union to annex her property into the City and to amend the City's zoning code to allow Linnemeyer to operate Linny's Kennel on her property. Linnemeyer subsequently applied for a conditional use permit to expand her kennel operations. Plaintiffs filed a petition protesting Linnemeyer's application, and the application was denied after a public hearing. When Linnemeyer reapplied eight months later, Plaintiffs filed a second petition protesting Linnemeyer's application for a conditional use permit. After a nonpublic meeting of the Board, Linnemeyer's second application for a conditional use permit was approved over the objections of Plaintiffs.

1

Plaintiffs sued Linnemeyer, the City of Union, its Mayor, Robert Schmuke (the "Mayor"), and individual members of its Board of Aldermen (the "Board Defendants").[1] Plaintiffs claim Defendants violated their due process rights by depriving them of notice and an opportunity to contest (i) the Board's decision to amend the zoning code to allow Linnemeyer's kennel to operate near their homes; (ii) the City's annexation of Linnemeyer's property; and (iii) the Board Defendants' decision to approve Linnemeyer's application for a conditional use permit (Count I). The complaint also asserts Plaintiffs are entitled to a declaratory judgment declaring the City's annexation and rezoning of Linnemeyer's property invalid (Counts II-III). Plaintiffs also seek judicial review of the Board's decision to grant Linnemeyer a conditional use permit (Count IV) and judicial enforcement of Missouri's Sunshine Act, which requires public hearings under the circumstances at issue in this case (Count V).

The City, the Mayor, and the Board Defendants (collectively "Movants") have moved to dismiss Count I of Plaintiffs' complaint on grounds that Plaintiffs have failed to state a claim under 42 U.S.C. § 1983. Movants also seek dismissal of Counts II-V of Plaintiffs' Complaint as to the Mayor and the Board Defendants on the ground that those claims are redundant against the City. *See* Docs. 13, 14. As part of

---

[1] The Complaint names Amanda Sullivan, Barbara E. Laberer, Dennis Soetebier, Karen Erwin, Brian Pickard, Robert Marquart, Paul Arand, and Tom Strubberg. *See* Compl. Doc. 1.

their response in opposition to the motion to dismiss, Plaintiffs filed a Motion for Leave to Amend by Interlineation to clarify that the Mayor and Board Defendants are being sued in both their official and individual capacities. *See* Doc. 23.

Both motions have been fully briefed, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(c). *See* Doc. 9. For the reasons set out below, the motion to dismiss will be granted and the motion to amend by interlineation will be denied, as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

For purposes of Movants' motion to dismiss, the Court accepts as true the following facts taken from Plaintiffs' complaint and makes all reasonable inferences in Plaintiffs' favor:

Plaintiffs are individual property owners who live near Defendant Linnemeyer's dog breeding and boarding business ("Linny's Kennel"). Before July 12, 2021, kennels for boarding or breeding dogs were not permitted in the City's non-urban zoning district, either expressly or by conditional use. On July 12, 2021, Linnemeyer who, at that time was not a resident of the City, requested that the City's Board of Alderman amend the Zoning Code to allow kennels in the non-urban zoning district as a conditional use. The Board approved the request.

On October 11, 2021, Linnemeyer filed a Petition for Voluntary Annexation into the City pursuant to Mo. Rev. Stat. § 71.012, which permits annexation of

3

unincorporated areas contiguous and compact to the existing corporate limits of the City. On November 8, 2021, the Board annexed Linny's Kennel into the City with a zoning classification of non-urban.

On November 12, 2021, Linnemeyer filed an application for a conditional use permit to expand aspects of Linny's Kennel. Some of the Plaintiffs were notified that Linnemeyer's conditional use permit application would be taken up at a hearing before the City Planning and Zoning Commission on January 24, 2022, and that the Board of Alderman would meet on February 14, 2022. After its meeting, the Planning and Zoning Commission recommended approval of Linnemeyer's conditional use permit.

Section 405.685(G)(2) of the City's Zoning Code allows "[s]pecified nearby property owners" to "file a protest with the Board of Aldermen against the Planning and Zoning Commission's approval of an application for a conditional use permit or amendment thereto." Section 405.685(E) of the Zoning Code states: "Unless the Board of Aldermen exercises its power of review or a duly filed protest as herein set forth is received by the City Clerk, a conditional use permit or an amendment thereto shall become effective after thirty (30) days of the Board of Aldermen's receipt of the Planning and Zoning Commission's report granting the application." Section 405.860(B) requires that "If a protest against such change, modification, or repeal was presented in writing to the City Clerk duly signed and acknowledged by the

4

owners of thirty percent (30%) or more, either of the area of the land (exclusive of streets, and alleys), included within such proposed change, or within an area, determined by lines drawn parallel to and one hundred eighty-five (185) feet distant from the boundaries of the district proposed to be changed, such amendment shall not become effective except by the favorable vote of two-thirds(2/3) of all the members of the Board of Aldermen."

After the Planning and Zoning Commission recommended approval of Linnemeyer's conditional use permit, Plaintiffs whose properties abut Linny's Kennel filed a Protest Petition with the City. On February 14, 2022, the Board held a public hearing at which evidence was presented showing the requested conditional use permit would not preserve and promote the public health, safety, and general welfare and would "substantially and permanently injure the appropriate use of neighboring property." Compl., Doc. 1, at ¶36. Specifically, evidence presented demonstrated there would likely be issues related to Missouri's Clean Water Law, nuisance associated with barking dogs, dangers from increased traffic, and decreased property values caused by locating a commercial business in a single-family residential subdivision. *Id.* At the Board's hearing on February 14, 2022, the Board denied Linnemeyer's application for a conditional use permit.

On July 5, 2022, Linnemeyer submitted a virtually identical conditional use permit application. Some of the Plaintiffs received notice that the Planning and

Zoning Commission planned to hold a hearing on the application at its meeting on July 25, 2022. They were also notified that the Board would next meet on August 8, 2022. After its meeting, the Planning and Zoning Commission, once again, recommended approval of Linnemeyer's conditional use permit.

After the Planning and Zoning Commission recommended approval of Linnemeyer's second conditional use permit application, Plaintiffs whose properties abut Linny's Kennel, once again, filed a Protest Petition on July 27, 2022. Plaintiffs were prepared to attend the August 8th meeting to present evidence similar to what they presented at the February Board meeting. However, on August 8, 2022, the Board refused to hold a public hearing and did not discuss Linnemeyer's application during the open meeting. Instead, the Board conducted a closed meeting on August 8, 2022, after which it approved Linnemeyer's second application for a conditional use permit.

Plaintiffs allege various irregularities and deficiencies in the procedures used when the foregoing decisions were made regarding Linny's Kennel. Specifically, Plaintiffs allege that when the zoning code was amended in July 2021 to allow kennels in a non-urban district, the Board held its regular meeting, but failed to post notice of a public hearing on the property in a conspicuous manner despite being aware that the amendment was specifically intended for Linny's Kennel. Plaintiffs further allege that the Board improperly considered Linnemeyer's subsequently filed

6

Petition for Voluntary Annexation without notice to Plaintiffs, and improperly annexed Linny's Kennel into the City with a zoning classification of non-urban. Finally, Plaintiffs allege that when the Board approved Linnemeyer's application for a conditional use permit to expand her kennel operations in August 2022, it did so after a closed (non-public) meeting in contravention of the City's zoning code and regulations.

Plaintiffs filed the instant action alleging that the irregularities and deficiencies in the zoning procedures used by the defendants when the decisions outlined above were made violated their due process rights. They are seeking relief for those alleged constitutional violations under 42 U.S.C. § 1983. Defendant Linnemeyer has answered the Complaint. *See* Doc. 5. Defendant City of Union has moved to dismiss Count I and has answered the remaining claims. *See* Docs. 13, 14, 15. The Mayor and Board Defendants have moved to dismiss all claims against them. In response to the motion to dismiss filed by the Mayor and Board Defendants, Plaintiffs have filed a motion for leave to amend by interlineation that is also pending before the Court. *See* Doc. 23.

## DISCUSSION

For a claim to survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all the factual allegations in the complaint, but it need not accept legal conclusions. *Iqbal*, 556 U.S. at 678. The Court must make "all reasonable inferences in favor of the nonmoving party." *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019). Additionally, "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

## I.   PLAINTIFFS' CLAIMS UNDER 42 U.S.C. § 1983 (COUNT I)

Count I of Plaintiffs' complaint is brought against all defendants pursuant to 42 U.S.C. § 1983. In moving to dismiss Count I, Movants argue Plaintiffs' § 1983 claim is fatally flawed because their complaint fails to identify a constitutionally protected interest, and because the absence of a constitutionally protected interest is an insuperable bar to relief under § 1983.

Section 1983 is a remedial statute allowing a person acting under "color of any statute, ordinance, regulation, custom, or usage, of a State or Territory or the District of Columbia" to be held liable for the "deprivation of any rights, privileges, or immunities secured by the Constitution and its laws." 42 U.S.C. § 1983; *Grove Assisted Living, LLC v. City of Frontenac, Missouri*, No. 4:16-CV-1783 HEA, 2018

WL 3093520, at *2 (E.D. Mo. June 22, 2018). The statute is "merely a vehicle for seeking a federal remedy for violations of federally protected rights." *Grove*, 2018 WL 3093520, at *2 (*quoting Foster v. Wyrick*, 823 F.2d 218, 221 (8th Cir. 1987)).

Although Plaintiffs' complaint appears to assert violations of due process under the Fifth and Fourteenth Amendment of the United States Constitution and the Missouri Constitution,[2] their brief opposing the motion to dismiss appears to limit the alleged due process violations to the Fourteenth Amendment. Plaintiffs' opposition brief states, "Count I is brought under 42 U.S.C. § 1983 for violations of Plaintiffs' Fourteenth Amendment due process rights, and Plaintiffs state both substantive and procedural due process claims because Defendants' pattern of disregard for the law deprived Plaintiffs of the reasonable use and enjoyment of their properties." Pls.' Mem. Opp'n, Doc. 22, p. 5.

---

[2] Movants argue Plaintiffs' section 1983 claim fails to the extent it is based on alleged violations of the Fifth Amendment and the Missouri Constitution. As the Movants correctly point out in their memorandum in support of dismissal, Fifth Amendment due process requirements are not applicable to non-federal government defendants. *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019) (citing *Barnes v. City of Omaha,* 574 F.3d 1003, 1006, n.2 (8th Cir. 2009)). Plaintiffs do not respond to this argument and appear to have abandoned their Fifth Amendment due process claim. Regarding alleged violations of the Missouri Constitution, the Court agrees with Movants that § 1983 provides a remedy only for violation of rights secured by federal statutes or the United States Constitution. *See Gunderson v. Schlueter,* 904 F.2d 407, 409 (8th Cir. 1990). *See also Moody v. Hicks,* 956 S.W.2d 398, 402 (Mo. Ct. App. 1997) (rejecting a plaintiff's argument that a provision of the Missouri Constitution should be considered "self-executing," such that she could assert a claim for its violation; reasoning that claims for violations of the United States Constitution are cognizable only because Congress enacted legislation authorizing such suits (Section 1983) and that "[t]he Missouri General Assembly has not enacted similar legislation"). For these reasons, the Court finds the only viable due process claim in this case is Plaintiffs' claim for due process violations under the Fourteenth Amendment.

The Fourteenth Amendment forbids a state entity from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court has recognized there are two components of due process under the Fourteenth Amendment—procedural due process and substantive due process. *See, e.g.*, *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998); *Albright v. Oliver*, 510 U.S. 266, 272 (1994). Procedural due process safeguards against deprivations of "life, liberty, or property without sufficient process." *In re Kemp*, 894 F.3d 900, 908 (8th Cir. 2018). To establish a claim for violation of procedural due process, Plaintiffs must show: (1) that they had a life, liberty, or property interest protected by the Due Process Clause; (2) that they were deprived of this protected interest; and (3) that the state did not afford them adequate procedural rights prior to depriving them of the property interest. *Stevenson v. Blytheville Sch. Dist. #5*, 800 F.3d 955, 976 (8th Cir. 2015).

Substantive due process wards off deprivations resulting from government intrusion into rights through irrational government action. *See Pietsch v. Ward Cnty.*, 446 F. Supp. 3d 513, 534 (D.N.D. 2020), aff'd, 991 F.3d 907 (8th Cir. 2021). To establish a substantive due process claim, Plaintiffs must show (1) they had a property interest to which the Fourteenth Amendment's due process protection applies, and (2) they were deprived of that right or interest as a result of "truly

irrational governmental actions." *See Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1104 (8th Cir. 1992); *Bituminous Mat'ls*, 126 F.3d at 107.

Although they serve different purposes, both procedural and substantive due process claims require, at the threshold, the existence of a constitutionally protected property interest to which due process rights can attach. *See Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 445-46 (8th Cir. 1995) ("Analysis of either a procedural or substantive due process claim must begin with an examination of the interest allegedly violated."). As such, the Eighth Circuit has held that "[i]n analyzing a claim that the deprivation of property violates either procedural or substantive due process rights, a court must first consider whether the claimant has a protected property interest to which the Fourteenth Amendment's due process protection applies. *Ellis v. City of Yankton*, 69 F.3d 915, 917 (8th Cir. 1995).

A.  **Plaintiffs' Substantive and Procedural Due Process Claims Fail Because Plaintiffs' Complaint Fails to Identify a Constitutionally Protected Property Interest**

Paragraph 50 of Plaintiffs' complaint contains the sole description of their alleged constitutionally protected property interest. It asserts: "Plaintiffs have a legitimate claim of entitlement to constitutionally protected property interests established by the aforesaid statutes and ordinances." Compl., Doc. 1, ¶ 50. The "statutes and ordinances" that allegedly give rise to Plaintiffs' constitutionally protected property interests consist of:

11

- City Zoning Code § 405.045 (requiring that "all territory which may be hereafter annexed to the City shall be classified in the 'NU' Non-Urban unless the annexation ordinance specifies otherwise"). *Id.* at ¶ 19;

- Mo. Rev. Stat. § 71.012 (allowing the governing body of any city to "annex unincorporated areas which are contiguous and compact to the existing corporate limits of the city"). *Id.* at ¶ 24;

- City Zoning Code, § 405.720 (requiring "[a]ny expansion of such conditional use involving the enlargement of the buildings, structures, and land area devoted to such use shall be subject to the review and approval procedures described in this Article"). *Id.* at ¶ 28;

- City Zoning Code, § 405.685(G)(2) (providing that "[s]pecified nearby property owners may file a protest with the Board of Aldermen against the Planning and Zoning Commission's approval of an application for a conditional use permit or an amendment thereto"). *Id.* at ¶ 32;

- City Zoning Code, § 405.860(B) (providing that "[i]f a protest against such change, modification, or repeal was presented in writing to the City Clerk duly signed and acknowledged by the owners of thirty percent (30%) or more, [of specified neighboring property owners], such amendment shall not become effective except by the favorable vote of two-thirds (2/3) of all the members of the Board of Aldermen"). *Id.* at ¶ 33;

- City Zoning Code, § 405.685(E) (providing that "[u]nless the Board of Aldermen exercises its power of review or a duly filed protest . . . is received by the City Clerk, a conditional use permit or an amendment thereto shall become effective after thirty (30) days of the Board of Aldermen's receipt of the Planning and Zoning Commission's report granting the application."). *Id.* at ¶ 34;

- Mo. Rev. Stat. § 71.010, *et seq.* (governing annexation procedure). *Id.* at ¶48;

- Mo. Rev. Stat. § 89.010, *et seq.* (Missouri state law procedure for changes in zoning regulations). *Id.*; and

- Mo. Rev. Stat. § 610.010, *et seq.* (Missouri Sunshine Law), *Id.*

In their memorandum opposing the motion to dismiss, Plaintiffs do not attempt to explain how the zoning laws referenced in the complaint "establish" any "legitimate claim of entitlement to constitutionally protected property interests" as alleged. Drawing all inferences from these and other allegations in the complaint in favor of the Plaintiffs, the complaint appears to allege these zoning laws gave Plaintiffs, as owners of properties neighboring Linnemeyer's dog kennel, certain rights or entitlements including:

(i)     the right to file a protest with the Board of Aldermen against the Planning and Zoning Commission's approval of an application for a conditional use permit or an amendment thereto;

(ii)    a requirement that any change, modification, or repeal be approved by a supermajority vote of two-thirds (2/3) of all the members of the Board of Aldermen if a protest against such change, modification, or repeal was presented in writing to the City Clerk duly signed and acknowledged by the owners of thirty percent (30%) or more, of specified neighboring property owners;

(iii)   notice and an opportunity to be heard at a public hearing in relation to any regulation, restriction, or boundaries determined, established and amended by the legislative body of the City; and

(iv)    at least fifteen days' notice of the time and place of any such public hearing.

In determining whether the foregoing entitlements arising from the zoning laws rise to the level of a constitutionally protected property interest, this Court must determine whether the zoning laws cited by Plaintiffs (i) explicitly create a property right, (ii) establish statutory or regulatory measures that impose substantive limitations on the exercise of official discretion, or (iii) create a property right through "understandings between the state and the other party." *Movers Warehouse, Inc. v. City of Little Canada,* 71 F.3d 716, 719 (8th Cir. 1995) (quoting *Craft v. Wipf*, 836 F.2d 412, 416-17 (8th Cir. 1987)). *See also Jennings v. Lombardi,* 70 F.3d 994, 995 (8th Cir. 1995) (holding a protected property interest is not created where a statute or policy is only procedural or where it grants to the decisionmaker discretionary authority in implementing it); *Kuhl v. Halquist Farms,* 02-1156 (MJD/RLE), 2003 WL 21517361 at *4 (D. Minn. June 26, 2003) (quoting *Movers Warehouse, Inc.*, 71 F.3d at 719).

### 1. *The zoning laws do not explicitly create a property right under Missouri law.*

First, the zoning laws cited in Plaintiffs' complaint do not create any sort of benefit to Plaintiffs that can be construed to be a property interest or property right recognized under Missouri law. Mo. Rev. Stat. § 71.012, for example, sets requirements for "the governing body of any city, town or village [to] annex unincorporated areas which are contiguous and compact to the existing corporate limits of the city, town or village." The City's Zoning Code and Mo. Rev. Stat.

§ 89.050 govern "the manner in which such regulations and restrictions and the boundaries of [zoning] districts shall be determined, established, and enforced, and from time to time amended, supplemented, or changed." Mo. Rev. Stat. § 610.010 regulates the way meetings of a public governmental body at which any public business is discussed, decided, or public policy formulated must be conducted. The zoning laws cited by Plaintiffs collectively operate to set standards by which lawmakers regulate land use and/or interact with the public while carrying out their duties, including requiring that interested parties be given notice and an opportunity to be heard at a public hearing.

In *Moore v City of Parkland*, 156 S.W.3d 384 (Mo. Ct. App. 2005), the Missouri Court of Appeals examined rights afforded under Mo. Rev. Stat. § 89.050, one of the statutes at issue in this case. In *Moore,* neighboring property owners sued the city and developers for injunctive relief to prevent the construction of a shopping center. *Id.* at 386. Plaintiffs argued the city failed to comply with the notice requirements of § 89.050 and sought to invalidate the rezoning ordinance approved by the city. *Id.* at 388-89. In resolving the claim under § 89.050, the court in *Moore* acknowledged that the property owners were conferred certain rights under the zoning statute to challenge the zoning ordinance, but ultimately held that the city satisfied the notice and public hearing requirements of § 89.050. *Id.* at 390*.*

The neighboring property owners in *Moore* also brought claims under the Fourteenth Amendment. *Id.* at 391. The *Moore* plaintiffs argued the city's failure to provide adequate notice as required under the zoning statute violated their procedural due process rights. *Id.* The court found that the neighboring property owners failed to demonstrate a constitutionally protected property interest. *Id.* The court held that while a neighboring property owner may be entitled to notice and hearing under § 89.050, such notice and hearing are "not *constitutionally* required." *Id.* (emphasis added). The court concluded there is "little cogent support" for the "proposition that a neighbor has a constitutional right to have restrictions imposed on others." *Id.*

### 2. The zoning laws do not impose substantive limitations on the exercise of official discretion.

In *Jennings v. Lombardi,* the Eighth Circuit held:

> This Circuit uses a two-part test to determine whether a state statute or policy is sufficient to create a constitutionally protected property interest. A statute, regulation, or official policy pronouncement will give rise to a protected property interest only where (1) it contains particularized substantive standards or criteria that guide the decisionmakers, and (2) it uses mandatory language requiring the decisionmakers to act in a certain way, thus limiting the official's discretion. Where the statute or policy is only procedural, or where it grants to the decisionmaker discretionary authority in implementing it, a protected property interest is not created.

70 F.3d at 995-96 (internal citation omitted).

The zoning laws cited in Plaintiffs' complaint do not meet the test articulated in *Jennings*. While the zoning laws cited impose some limitations on decisionmakers such as, for example, preventing automatic approval of a conditional use permit when a protest petition is timely filed, they are primarily procedural in nature. A review of the referenced laws makes clear that decisionmakers retain unfettered discretion in deciding whether to grant or deny applications for annexation, rezoning, or conditional use permits. Because decisionmakers retain this discretion under the zoning laws, under *Jennings* and other controlling Eighth Circuit case law, the zoning and related laws cited in Plaintiffs' complaint do not create a constitutionally protected property interest in the City's process for restricting or allowing the way neighboring property is used. *See Movers Warehouse, Inc.,* 71 F.3d at 718-19 (holding there was no property interest in the renewal of a bingo hall license where the city retained discretion, without substantive limitations, to withhold approval of an application for license renewal); *Bituminous Materials,* 126 F.3d at 1070 (where ordinance stated county "may" grant a temporary equipment placement and operation use permit (TEPOP), county had discretion to deny or restrict a TEPOP; therefore, road paving contractor had no constitutionally protected property interest in the permitting process).

### 3. Plaintiffs do not assert an "understanding" or "policy" between the City and Plaintiffs.

Plaintiffs have not asserted, and there is nothing in their complaint from which this Court could infer, that there was ever any "understanding" or "policy" between the City and the Plaintiffs that would lead to the creation of a constitutionally protected property interest.

### 4. River Park and other cases cited by Plaintiffs are distinguishable and do not apply.

In opposing the motion to dismiss, Plaintiffs argue for the first time that their right to use and enjoy their own properties free from nuisance is the constitutionally protected property interest on which their § 1983 claim hinges. *See* Pls.' Mem. Opp'n , Doc. 22, p. 6. Plaintiffs cite the Seventh Circuit's opinion in *River Park, Inc. v. City of Highland Park,* 23 F.3d 164, 165-66 (7th Cir. 1994), and similar cases in support. This argument fails for two independent reasons.

First, as Movants correctly point out in their Reply, Plaintiffs' complaint makes clear that the "constitutionally protected property interest" on which their § 1983 claim rests are those arising from the zoning laws cited in the complaint. "It is well established that a plaintiff cannot add factual allegations to the complaint by raising them in his memorandum in opposition to a motion to dismiss." *Godfrey v. Clayco, Inc.,* 4:20CV912 RLW, 2021 WL 2915068 *3 n.3 (E.D. Mo. July 12, 2021) (citing *Gallagher v. City of Clayton,* 699 F.3d 1013, 1022 (8th Cir. 2012) ("It is a

basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")). Because the assertion in Plaintiffs' opposition brief cannot be reasonably inferred from the facts in the complaint, those assertions are not properly before the Court.

Second, Plaintiffs cannot avail themselves of *River Park* and its progeny. Unlike the facts of this case, *River Park* and other cases cited by Plaintiffs involved plaintiffs who owned (or leased) the property that was the subject of the challenged government regulation. *See River Park,* 23 F.3d at 165 (plaintiff property owner seeking damages under § 1983 for delay and denial and zoning applications); *Sansotta v. Town of Nags Head,* 724 F.3d 533, 540 (4th Cir. 2013) (plaintiff cottage owners protesting town's declaration of cottages as a nuisance); *C.L.U.B. v. City of Chicago*, 157 F. Supp. 2d 903, 913 (N.D. Ill. 2001) (church association members challenging zoning restrictions on use of church property); *Dyson v. Calumet City,* 306 F. Supp. 3d 1028, 1041 (N.D. Ill. 2018) (lessee alleging she was unable to use leaded property for desired business purpose). Because of the factual differences between this case and *River Park,* the *River Park* line of cases are inapposite.

In this case, as discussed above, Plaintiffs have not asserted they were deprived of the right to use their own property as they see fit. Instead, they appear to assert that, to prevent a possible nuisance, they have a constitutionally protected property interest arising from zoning laws to either restrict their neighbor's use of

her property as a dog kennel or to maintain prior restrictions on the use of that property. Plaintiffs have cited no cases to support that proposition. Indeed, under Missouri law, there is "little cogent support" for the "proposition that a neighbor has a constitutional right to have restrictions imposed on others." *Moore*, 156 S.W.3d at 391.

## B. Plaintiffs' Substantive Due Process Claim Fails for the Additional Reason That Plaintiffs Have Not Alleged "Truly Irrational" Conduct

Even assuming, arguendo, that Plaintiffs had alleged a constitutionally protected property interest, they have failed to state a claim of substantive due process because they have not plausibly alleged the second element of a substantive due process claim—"truly irrational conduct." *See Bituminous Materials,* 126 F.3d at 1070. The Eighth Circuit has taken a restrictive view of when land use planning decisions by local government agencies violate an aggrieved party's substantive due process rights," *id.*, and has cautioned that "[a] federal court, after all, should not . . . sit as a zoning board of appeals." *Chesterfield Dev. Corp.,* 963 F.2d at 1104 (quoting *Creative Env'ts., Inc. v. Estabrook,* 680 F.2d 822, 833 (1st Cir. 1982)) (internal citations omitted).

The Eighth Circuit has reasoned that a restrictive approach in land use cases is necessary because "*[e]very* appeal . . . from an adverse ruling by a local . . . planning board necessarily involves some claim that the board exceeded, abused, or 'distorted' its legal authority in some manner, often for some allegedly

perverse (from the [aggrieved person's] point of view) reason." *Id.* (quoting *Creative Env'ts., Inc.,* 680 F.2d at 833) (emphasis in original). Indeed, simply putting constitutional labels such as "due process" on what are essentially state law claims is not enough to raise a substantial federal question under § 1983. *Id.* "As has often been stated, the violation of a state statute does not automatically give rise to a violation of rights secured by the Constitution." *Id.* (internal quotation marks omitted).

To sustain a claim for substantive due process, a "plaintiff must prove that the government action in question is 'something more than . . . arbitrary, capricious, or in violation of state law.'" *Bituminous Materials,* 126 F.3d at 1070 *(citing Chesterfield Dev. Corp.,* 963 F.2d at 1104)). "[E]ven allegations of bad faith enforcement of an invalid zoning ordinance do not, without more, state a substantive due process claim." *Id.* Instead, "substantive due-process claims should be limited to 'truly irrational' governmental actions" such as "attempting to apply a zoning ordinance only to persons whose names begin with a letter in the first half of the alphabet." *Chesterfield Dev. Corp.*, 963 F.2d at 1104.

Viewing the complaint in the light most favorable to Plaintiffs, the allegations do not amount to more than a typical appeal by a disappointed landowner from an adverse ruling by a local planning board. In their memorandum opposing the motion to dismiss, Plaintiffs characterize the Board's decision to deny Linnemeyer's first

application for a conditional use permit—a position with which Plaintiffs agreed—as "[t]he standard for rational decision making." Pls.' Mem. Opp'n., Doc. 22, at p. 9. However, when Linnemeyer reapplied several months later and the Board granted the application over Plaintiffs' formal written protest, the Board's actions, according to Plaintiff, were "truly irrational." *Id.* The Court acknowledges there may be merit to Plaintiffs' argument that the Board's reversal seems irrational because nothing had changed between Linnemeyer's first and second applications. However, even if this Court infers from Plaintiffs' complaint the Board acted in bad faith in reversing its prior decision, that would not be sufficient to state a substantive due process claim. *See Bituminous Materials,* 126 F.3d at 1070.

The facts alleged here fall woefully short of plausibly asserting that "the government action in question is something more than arbitrary, capricious, or in violation of state law" or rises to the level of "truly irrational" conduct. *See id.* (citing *Chesterfield Dev. Corp.,* 963 F.2d at 1104). Dismissal is appropriate because even if plaintiffs had a constitutionally protected property interest, the complaint fails to meet the exacting pleading standards for a substantive due process claim.

In sum, Count I fails to state a claim as a matter of law because the complaint does not (and cannot) plausibly allege that Plaintiffs had a constitutionally protected property interest. As such, Plaintiffs' procedural and substantive due process claims fail as a matter of law. Plaintiffs' substantive due process claim fails for the

additional reason that the complaint fails to allege truly irrational conduct.

## C.      Amendment by Interlineation Would be Futile

As part of their response in opposition to the motion to dismiss, Plaintiffs filed a Motion for Leave to Amend by Interlineation to clarify that the Mayor and Board Defendants are being sued in both their official and individual capacities. Doc. 23. Movants oppose this motion arguing such an amendment would be futile. Doc. 29. This Court agrees. For the reasons set out above, dismissal of Plaintiffs' current complaint is appropriate because the complaint fails to plausibly allege a constitutionally protected interest. Nothing about the proposed amendment would impact that conclusion. Regardless of whether the Mayor and Board Defendants are sued in their individual capacities, Plaintiffs' § 1983 claim fails because it is not predicated on a constitutionally protected property interest. For those reasons, as to Count I of the complaint, the motion for leave to amend by interlineation will be denied as futile.

## II.     PLAINTIFFS' STATE LAW CLAIMS (COUNTS II–V)

Movants seek dismissal of Counts II through V of Plaintiffs' Complaint as to the Mayor and the Board Defendants on the ground that those claims are brought against those defendants in their official capacities and thus are redundant against the City. *See* Docs. 13, 14. As part of their response in opposition to the motion to dismiss, Plaintiffs filed a Motion for Leave to Amend by Interlineation to clarify that

the Mayor and Board Defendants are being sued in both their official and individual capacities. Pls.' Mot. for Leav to Amend, Doc. 23. However, Counts II through V are claims arising under Missouri law. Because the Court is dismissing the sole federal claim in this lawsuit, the Court will consider whether to exercise supplemental jurisdiction over the remaining state law claims.

A district court may decline to exercise supplemental jurisdiction over state claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)). However, the Eighth Circuit has stated that "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Barstad v. Murray Cty.*, 420 F.3d 880, 888 (8th Cir. 2005) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988)). This reflects the policy that the federal courts should "exercise judicial restraint and avoid state law issues whenever possible" and should "provide great deference and comity to state court forums to decide issues involving state law questions." *Condor Corp.*

24

*v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990). *See also Gregoire v. Class*, 236 F.3d 413, 419-20 (8th Cir. 2000) ("When state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law . . . as a matter of comity.") (quotation marks omitted).

Here, after consideration of the relevant factors, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which involve numerous questions of state law that would be better determined by the Missouri state courts. Accordingly, Plaintiffs' state law claims (Counts II through V) will be dismissed without prejudice. To the extent that the Movants' motion to dismiss Counts II through V are directed toward the state law claims, it is denied as moot. To the extent Plaintiffs' Motion for Leave to Amend by Interlineation is directed to Counts II to through V, it will also be denied as moot.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc 13) is **GRANTED** as to Plaintiff's claims under 42 U.S.C. § 1983 (Count I) and **DENIED** as moot as to Plaintiff's claims under state law (Counts II-V).

**IT IS FURTHER ORDERED** that Plaintiffs' claims under 42 U.S.C. § 1983 (Count I) are **DISMISSED**, with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's claims under state law (Counts II-V) are **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend by interlineation (Doc. 23) is **DENIED as futile**, as to Count I and **DENIED as moot**, as to Counts II-V.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of September, 2023.